UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Criminal Action No. 06-76 GMS |
| | ) | |
| ADRIAN DRAGOMIR | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF PLEA AGREEMENT

The United States of America and ADRIAN DRAGOMIR (hereinafter referred to as "Defendant") enter into the following agreement:

### Charges and Waiver of Trial

1.      The defendant agrees to waive trial and enter a plea of guilty to Count Two of the Indictment charging him with the following:

> On or about December 5, 2005, in the District of Delaware, the Defendant, did knowingly fail to maintain an Oil Record Book ("ORB") for the vessel Irene in which all unprocessed overboard discharges of oily sludge and bilge wastes from the Irene were required to be fully recorded, all in violation of 33 United States Code, Section 1908(a), Title 18 United States Code, Section 2, and Title 33, Code of Federal Regulations, Section 151.25.

2.      For this Count, the elements of the offense are as follows:

a. the defendant knowingly and willfully;

b. made or caused to be made a writing, statement or document;

c. the writing, statement or document was materially false; and

the material fact was a matter within the jurisdiction of an executive branch of the Government of the United States.

A Joint Statement of Facts setting forth the factual basis for this offense is attached

hereto and incorporated hierein.

### Potential Penalties, Assessments, and Restitution

3.    The defendant agrees to pay the special assessments on or before the day

of the sentencing hearing.  The defendant understands that the potential penalty for this offense

includes imprisonment for not more than 5 years, a potential fine of $250,000, a special

assessment of $100, and a term of probation of one to five years.

4.    The defendant understands that the Court shall order restitution to any

identifiable victims unless, pursuant to Title 18, United States Code, Sections 3663 and 3663A,

the Court determines that restitution would be inappropriate in this case.

### Waiver of Constitutional and Statutory Rights

5.    The defendant represents to the Court that he is satisfied that his attorney

has rendered effective assistance.  The defendant understands that by pleading guilty in this case,

he agrees to waive certain rights afforded by the Constitution of the United States, by statute or

both, including but not limited to: the right to be indicted by a grand jury; the right to plead not

guilty; and the right to a jury trial.  At a jury trial, the defendant would have the right to be

represented by counsel, to confront and cross-examine witnesses against him, to compel

witnesses to appear and testify, to present other evidence in his behalf and to decide whether to

testify.  The defendant would further have the right to have the jury instructed that he is

presumed innocent until proven guilty, and that the burden will be on the United States to prove

the defendant's guilt beyond a reasonable doubt.  If the defendant were found guilty after a trial,

he would have the right to appeal the conviction.

### Applicability of the Sentencing Guidelines and Recommended Sentence

2

6.     The defendant is aware that its sentence will be imposed in accordance with the Sentencing Reform Act of 1948 and the Sentencing Guidelines and Policy Statements. The defendant is aware that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offenses to which the defendant pleads guilty. The defendant is aware that the Court has not yet determined a sentence. The defendant is also aware that any estimate of the probable sentencing range under the Sentencing Guidelines that the defendant may have received from the defendant's counsel, the United States, or the probation office, is a prediction, not a promise, and is not binding on the United States, the probation office, or the Court. The United States makes no promise or representation concerning what sentence the defendant will receive, and the defendant cannot withdraw a guilty plea based upon the actual sentence. The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, the defendant knowingly waives the right to appeal any sentence outside of the range provided for in the Federal Sentencing Guidelines applicable to the statute of conviction (or the manner in which that sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742, in exchange for the concessions made by the United States in this plea agreement. This agreement does not affect the rights or obligations of the United States as set forth in Title 18, United States Code, Section 3742(b).

7.     The United States and the defendant agree that the following sentencing guideline calculations apply:

Section 2B1.1 "Base Offense Level" ................................................6

Section 3B1.1 "Aggravating role for management/supervisor".......3

Section 3B1.3 "Abuse of Position of Trust".................................+2

SUBTOTAL.................................................................................11

Section 3E1.1 "Acceptance of Responsibility" .............................-2

Offense Total.............................................................9

8.     The defendant fully and completely understands that this Plea Agreement is submitted to the Court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).  This means that the Defendant has no right to withdraw the plea if the Court does not follow the recommendations regarding a sentence or sentencing range contained in the plea agreement. The defendant agrees that Chapter 8 of the United States Sentencing Guidelines Manual governs this case with regard to any payment of restitution, community service, and probation, and that said guidelines are advisory.

9.     The defendant fully and completely understands that the sentence to be imposed is within the sole discretion of the sentencing judge, and that the United States cannot and does not make a representation or promise as to what sentence the defendant will ultimately receive.  Except as otherwise provided in this agreement, the United States reserves its right to take any position with respect to the appropriate sentence to be imposed on the defendant by the sentencing judge and to provide the sentencing judge and the U.S. Probation Office all other law and information relevant to sentencing, favorable or otherwise, including information provided by the defendant before and after signing this agreement and otherwise protected by U.S.S.G. § 1B1.8.  In addition, the United States will inform the sentencing judge and the U.S. Probation

4

Office of this agreement and the full nature and extent of the defendant's activities and relevant

conduct with respect to this case.

10.    As part of this plea agreement, the defendant understands and admits to

the relevant conduct described in the Joint Statement of Facts incorporated into to this plea

agreement. The United States and the defendant agree that the Joint Statement of Facts

represents those facts that the United States would have proved beyond a reasonable doubt if this

matter had gone to trial. The parties agree that said facts, as set forth in the Joint Statement of

Facts, are sufficient to support the defendant's convictions for the Count of the Indictment, to

which the defendant is pleading guilty.

11.    The United States, at sentence, will move to dismiss all remaining

charges in the pending indictment against the Defendant.

Scope of Agreement

12.    Other than the offense to which the defendant agrees to plead guilty

pursuant to this agreement, the United States agrees not to charge the defendant with any other

criminal offenses committed before execution of this agreement within the District of Delaware

relating to the described offense conduct and about which the defendant has made the

Government aware in debriefings in anticipation of this agreement. The defendant understands

that this plea agreement affects only criminal charges and shall not be construed, in whole or in

any part, as a waiver, settlement, or compromise of any remedies available to the United States

under Title 31, United States Code, Section 3729 *et seq.*, or any other civil or administrative

remedies, including suspension and debarment, available to the United States by law. In the

event that any other local, state or federal enforcement agency investigates conduct related to

5

this plea agreement, this Office agrees to advise this agency of the terms of this agreement and the nature and extent of the defendant's cooperation under this agreement.

Reservation of Allocution

13.     The United States reserves its full right of allocution for purposes of sentencing in this matter, subject to the terms of this plea agreement. The United States reserves the right to describe fully, both orally and in writing, to the sentencing judge the nature and seriousness of the defendant's misconduct, including misconduct not described in the charges to which the defendant is pleading guilty. The United States also reserves the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report, and to contest any matters not provided for in this plea agreement.

14.     The defendant also understands that the United States retains its full right of allocution in connection with any post-sentence motion that may be filed in this matter. The United States reserves the right to appeal any sentence imposed in this case that is outside the statutory minimum or maximum range. In addition, if in this plea agreement the United States has agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the United States reserves its right of full allocution in any post-sentence litigation or appeal in order to defend the Court's ultimate decision on such issues. The Government agrees only to appeal any Court decision that is outside the applicable sentencing guidelines range.

15.     The United States and the defendant agree that the United States will be free to use against the defendant for any purpose at the sentencing in this case any self-incriminating information provided by the defendant, pursuant to this agreement or during the course of debriefings conducted in anticipation of this agreement.

<u>Breach of Agreement</u>

16.    The defendant understands and agrees that if he fails specifically to perform or to fulfill completely each and every one of his obligations under this plea agreement, or commits any further crimes, he will have breached this plea agreement.  In the event of such a breach, (a) the United States will be free from its obligations under the agreement; (b) the defendant will not have the right to withdraw the guilty plea; (c) the defendant shall be subject fully to criminal prosecution for any other crimes which he has committed or might commit, if any, including perjury and obstruction of justice.

The defendant acknowledges discussing with his counsel <u>Federal Rule of Criminal Procedure 11(f)</u> and <u>Federal Rule of Evidence 410</u>, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn.  The defendant knowingly and voluntarily waives the rights which arise under these rules.  As a result of this waiver, the defendant understands and agrees that any statements which are made in the course of his guilty plea or in connection with his cooperation pursuant to this plea agreement will be admissible against him for any purpose in any criminal or civil proceeding if he breaches this plea agreement or his guilty plea is subsequently withdrawn.  Moreover, in the event that his guilty plea is withdrawn, the defendant agrees that the United States will be free to use against him in any criminal or civil proceeding any statements made during the course of any debriefings conducted in this case, regardless of whether those debriefings were previously covered by an "off the record" agreement by the parties.

17.    The defendant understands and agrees that the United States shall only be required to prove a breach of this plea agreement by a preponderance of the evidence.  The

defendant further understands and agrees that the United States need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this plea agreement.

### Prosecution by Other Agencies/Jurisdictions

18.     This agreement only binds the United States Attorney's Office for the District of Delaware and the Department of Justice Environmental Crimes Section. It does not bind any other United States Attorney's Office or any other office or agency of the United States government.

### No Other Agreements

19.     The parties agree that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations, and statements made prior to and after this Memorandum are null and void and have no effect whatsoever unless they comport with the subsequent written modification requirements of this paragraph.


Carl R. Woodward, III
Attorney for the Defendant

SUE ELLEN WOOLDRIDGE
Assistant Attorney General


Adrian Dragomir
Defendant

By:     Mark W. Kotila
        Senior Trial Attorney
        Environmental Crimes Section
        U.S. Department of Justice

By: Jeffrey L. Phillips
Trial Attorney
Environmental Crimes Section
U.S. Department of Justice

COLM F. CONNOLLY
United States Attorney

By: EDMOND FALGOWSKI
Assistant United States Attorney

Dated: 8 - 30 - 06

**AND NOW**, This _____ 30th _____ day of August, 2006, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

The Honorable Gregory M. Sleet
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Criminal Action No. 06-76 GMS |
| | ) | |
| | ) | |
| ADRIAN DRAGOMIR | ) | |
| | ) | |
| Defendant. | ) | |

## JOINT STATEMENT OF FACTS

The United States and the defendant, Adrian DRAGOMIR, agree and stipulate if this matter were to come to trial, the United States would prove the following facts regarding the defendant's conduct beyond a reasonable doubt:

1.      At all relevant times, the M/V Irene E/M ("Irene") a 21,000 gross ton vessel operated by Chian Maritime Enterprises, Inc. (hereinafter referred to as "Chian"), was operating in international commerce, moving bulk products to and from different ports. One of these ports, Big Stone Anchorage, was located in Delaware Bay, Delaware (hereinafter referred to as "Delaware Bay").

2.      At all relevant times, defendant, Dragomir, was the Chief Engineer of the Irene, and was responsible for the engine room and all below-deck functions of the vessel, which included the movement of oily waste and bilge water and the operation of the below deck pollution prevention equipment. Dragomir was also responsible for accurately recording the movement of all oily waste throughout the vessel and all oily waste discharges, to include accidental and non-accidental overboard discharges of oily waste. Dragomir was responsible for making all oily waste movement recordings in the Irene's Oil Record Book ("ORB"). Dragomir also provided direction and orders to lower level engineers and crew, both orally and in written form.

3.     Within Delaware Bay, there was a United States Coast Guard (hereinafter referred to as "USCG") inspection of the Irene conducted on December 8, 2005.

4.     The United States is party to an international treaty, the International Convention for the Prevention of Pollution from Ships (hereinafter MARPOL).  MARPOL was implemented in the United States by the Act to Prevent Pollution from Ships (APPS), 33 U.S.C. §§ 1901 et seq.  APPS regulations require that each tanker vessel of more thean 150 gross tons, such as the Irene, maintain an ORB.  The ORB must fully reflect transfers of oil, the disposal of sludge and waste oil, discharges of water from slop tanks, and overboard discharges of bilge water that have accumulated in machinery spaces, and thus are contaminated with oil.  33 C.F.R. § 151.25(g).  The USCG routinely inspects ORBs aboard vessels to determine whether the vessel has been discharging any oil or oily mixtures in violation of MARPOL and APPS.  33 C.F.R. § 151.23.  The ORB must be maintained on board the vessel for not less than three years, and be readily available for inspection at all reasonable times.  33 C.F.R. § 151.25(k).

5.     The defendant knowingly omitted the accurate ORB recording of an overboard discharge of oily waste from the Irene, into the ocean, during a voyage from Brazil to the United States, which took place on or about November 23, 2005.  After giving an order to pump out the oily bilge waste water, the defendant became aware that a "bypass pipe" was used to pump oily waste directly from the bilge tanks overboard into the ocean, thus bypassing the MARPOL-required pollution prevention equipment.  The defendant's knowledge of this act required that he place an entry into the ORB describing the incident and the amount of oily waste discharged into the ocean.

6.     The defendant knew that presenting an inaccurate ORB to the United States Coast Guard was a violation of U.S. law.

7.     The Irene's inaccurate ORB was presented to the USCG on or about December 8, 2005.

8.    The USCG is part of the Department of Homeland Security and had authority to board the <u>Irene</u>, inspect the vessel, and request that the ORB be made available for review during their inspection of December 8, 2005.

_Carl R Woodward_

Carl R. Woodward, III
Attorney for Defendant

SUE ELLEN WOOLDRIDGE
Assistant Attorney General


_Adrian Dragomir_

Adrian Dragomir
Defendant

By:  _Mark W. Kotila_
     Mark W. Kotila
     Senior Trial Attorney
     Environmental Crimes Section
     U.S. Department of Justice


By:  _Jeffrey L. Phillips_
     Jeffrey L. Phillips
     Trial Attorney
     Environmental Crimes Section
     U.S. Department of Justice


COLM F. CONNOLLY
United States Attorney

By:  _Edmond Falgowski_
     Edmond Falgowski
     Assistant United States Attorney


Dated: 8-30-06